PHILIP QUINLAN, Respondent, v. JEREMIAH P. RUSSELL, Impleaded, etc., Appellant.

An ordinance of the city of New York requires the insertion in every contract for work done for the city, of a clause that payment of the last installment due thereunder shall be retained until satisfactory evidence is furnished "that all persons who have done work or furnished materials under such contract," and who have given ten days written notice that a balance is due them, have been fully paid or secured. In an action by a contractor to recover the last installment due on a contract, *held*, that conceding a material-man could by filing the prescribed notice obtain a lien upon the fund in the hands of the city, as to which *quære*, he could not obtain a lien upon the balance due under one contract for materials furnished upon another.

(Argued December 5, 1883; decided January 15, 1884.)

APPEAL by defendant Russell from a judgment of the General Term of the Superior Court, in the city of New York, entered upon an order made April 5, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 15 J. & S. 212.)

The nature of the action and the material facts are stated in the opinion.

*L. Laflin Kellogg* for appellant. The plaintiff, as assignor of the contractor, Smith, stands in the same relation to and under the contract as Smith, before the assignment was made. (*Schaefer* v. *Reilly*, 50 N. Y. 61; *Green* v. *Warwick*, 64 id. 224; *Mechanics and Traders' N. B'k* v. *Mayor*, 58 How. Pr. 207; 27 Hun, 467; *Murphy* v. *Mayor*, Daily Reg., May 1, 1883.) The defense of non-joinder, under the Code of Procedure, is a complete defense in itself, and may be pleaded and tried as other defenses. (*Sweet* v. *Tuttle*, 14 N. Y. 468; *Mason* v. *Wells*, 2 Hun, 518; *Wooster* v. *Chamberlain*, 28 Barb. 602.) This defense is sufficiently set up in the answer. (*Prosser* v. *Matthews*, 26 Hun, 527.) Repeal by implication is not favored, and never allowed except when

inconsistency and repugnancy are plain and unavoidable. (*Bowen* v. *Leach*, 5 Hill, 221; Potter's Dwarris on Statutes, 155, note 5; *Mayor* v. *Walker*, 4 E. D. Smith, 258; *Wallis* v. *Bassett*, 41 Barb. 92; *Tone* v. *Mayor*, 70 N. Y. 162.) The common council had power to pass the ordinance. (Charter of 1857, §§ 1, 2, 38; *People, ex rel. Schenck*, v. *Greene*, 64 N. Y. 500.) The verified liens presented to the commissioner are presumptively satisfactory evidence to him in the absence of proof to the contrary. (*Child* v. *Sun Mut. Ins. Co.*, 3 Sandf. 26; *Talcott* v. *Marine Ins. Co.*, 2 Johns. 130; *Vos* v. *Robinson*, 9 id. 192.) By the sending of the verified liens to the comptroller's office, the department has done· just what that part of the ordinance intended it should do — cause moneys to be retained to meet them. (*Tone* v. *Mayor*, 70 N. Y. 165.) The value of materials furnished under a contract cannot be recovered on an implied liability. (*McDonald* v. *Mayor*, 68 N. Y. 23; Laws of 1878, chap. 315.) When one person makes a promise to another for the benefit of a third person, that third person may maintain an action upon it. (*Schermerhorn* v. *Vanderheyden*, 1 Johns. 140; *Lawrence* v. *Fox*, 20 N. Y. 271; *Howe Machine Co.* v. *Fagan*, 8 Hun, 174; *Hutchings* v. *Miner*, 46 N. Y. 460; *Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 id. 92; *Brewer* v. *Dyer*, 7 Cush. 337; *Guernsey* v. *Rogers*, 47 N. Y. 233; *Coster* v. *City of Albany*, 43 id. 411; *Hoffman* v. *Schwab*, 33 Barb. 195.) It is not necessary that the existence of this promise should be known at the time to the third party. It is sufficient if he afterward adopts it. (*Barker* v. *Bradley*, 42 N. Y. 316.) The acquisition of this money required no further intervention of the debtor. (*Kingston Mut. Ins. Co.* v. *Clark*, 33 Barb. 195; *Wisner* v. *Ocumpaugh*, 71 N. Y. 116; *Hale* v. *Omaha Nat. B'k*, 49 id. 626; *McCaffrey* v. *Woodin*, 65 id. 459.)

*John H. Strahan* for respondent. An action may be maintained on a promise made to a third person for the benefit of another, without any consideration passing from such other; but in all such cases it is required that the promise be made

upon a valid consideration passing from such third person. (*Judson* v. *Gray*, 17 How. Pr. 289 ; *Hoffman* v. *Schwab*, 33 Barb. 195, 196.) To constitute an equitable assignment, there must be an agreement to pay out of a particular fund, and an appropriation of the fund in such a manner that the holder thereof would be authorized to pay it to the creditor without the intervention of the debtor. (*Hoyt* v. *Story*, 3 Barb. 262.) The clause in the contract, pursuant to the provisions of which the notice to the commissioner of public works is alleged to have been given, is contrary to law, and, therefore, of no force or avail. (*Burke* v. *Mayor*, 5 N. Y. Sup. Ct. 372 ; *F. L. & T. Co.* v. *Carroll*, 5 Barb. 649; *Donovan* v. *Mayor*, 33 N. Y. 291; Dill. on Mun. Corp., § 55 ; Laws of 1873, chap. 335, § 91, p. 508 ; id., chap. 335, §§ 71, 72, 73, 91, pp. 502, 503, 508.) A provision in an ordinance, inconsistent with the provisions of a statute, is repealed. (Dill. on Mun. Corp., §§ 301, 381 ; *Mayor of New York* v. *Nichols*, 4 Hill, 210 ; *People, ex rel. Satterlee,* v. *Police Comm'rs*, 75 N. Y. 38.) Even where the act of the officers or agents of the corporation (if at variance with the provisions of the statute or ordinance), although inserted in a contract, and the same operates for the benefit of the corporation, it cannot be upheld. (*People, ex rel. Satterlee,* v. *B'd of Police*, 75 N. Y. 38.) The power of the legislature in regulating the manner in which public work shall be contracted for, and as a consequence the terms and conditions of the contracts for the performance of such work cannot be foreclosed by any contract of a municipal corporation for the doing of such work. (*Matter of Protestant Ep. Ch.*, 46 N. Y. 181.) The authority to retain a portion of the sum to grow due, rests on contract, and is in its nature a license revocable at pleasure. (*Ex parte Colburn*, 1 Cow. 568 ; *Jamison* v. *Millemann*, 3 Duer, 255 ; *Tillotson* v. *Preston*, 7 Johns. 285 ; *Mumford* v. *Whitney*, 15 Wend. 380 ; *Babcock* v. *Utter*, 1 Keyes, 115.) The license was terminated by the assignment by the contractor to Gavin of all sums due and to become due under the contract approved by the city. (*Jackson* v. *Babcock*, 4 Johns. 418.)

FINCH, J. The rights of the appellant Russell are concluded by the findings of the Special Term. The plaintiff, as assignee of Terence Smith, the original contractor, sued the city of New York for a balance of $700, alleged to be due 'and unpaid upon a contract for paving and flagging a portion of Ninth avenue. Russell was made a party defendant because, under a claim that he had furnished material for work done under that contract, he had filed with the commissioner of public works a notice of the non-payment of his demand, whereby he claimed to have obtained a lien upon the balance in the hands of the city. The answer of the city denied any liability to Russell, but at the same time stated a willingness, as all parties interested were before the conrt, to pay the balance to " such person or persons as the court should direct."

It is at least debatable whether the material-man, filing the prescribed notice, obtained any lien upon the fund in the hands of the city, or acquired any right to recover it either as against the city or against the contractor. But conceding so much, for present purposes only, he certainly cannot, by furnishing materials upon one contract, obtain a lien upon the balance due under another. Smith's contract was for work on Ninth avenue and contained the following clause, viz. : " The said party of the second part hereby further agrees that he will furnish said commissioner with satisfactory evidence that all persons who have done work or furnished materials *under this agreement*, and who may have given written notice to the said commissioner before or within ten days after the completion of the work aforesaid, that any balance for such work or materials is still due and unpaid, have been fully paid or secured such balance." In like manner the city ordinance which authorizes such provision in the contract relates explicitly to " persons who have done work or furnished materials *under any such contract*." It was not enough, therefore, for Russell to show that materials once owned by him had actually been used in the completion of the Ninth avenue contract. He was bound to show that they were furnished under that agreement ; for its performance ; in reliance upon its terms ; and, so to speak, upon its credit. This

he entirely failed to do. Smith, the original contractor for the work on Ninth avenue, assigned all ·sums payable therefor to one Michael Gavin, who in turn assigned to the present plaintiff. Gavin was also a contractor with the city for certain work to be done on Eleventh avenue. He swears that all the material furnished by Russell was furnished to him, Gavin, under the Eleventh avenue contract; that it was all carted to ·that avenue; that the bulk of it was used on that work; that he himself furnished a small part of it for use on Ninth avenue while he was completing that work for Smith, who was bound to the city for its performance. Russell swore differently and raised a' question of fact, which the Special Term solved by its finding that "the said Jeremiah Russell performed no work and furnished no material under the said Ninth avenue ·contract, either for or to the said Terence Smith, or the said Michael Gavin." That ends the case. There was evidence to sustain the finding and it is conclusive in this court.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.